UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BOJESCU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO SHERIFF'S DEPARTMENT, et al.<br><br>　　　　　Defendants. | No. 2:15-cv-1330-EFB P (TEMP)<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

　　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

1   § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion
2   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3   relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4   relief." *Id.* § 1915A(b).

5   A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6   of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
7   plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.
9   Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12  U.S. 662, 679 (2009).

13  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15  action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
16  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17  678.

18  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
20  content that allows the court to draw the reasonable inference that the defendant is liable for the
21  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
22  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.
23  Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25  **III.   Screening Order**

26  The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the
27  allegations are too vague and conclusory to state a cognizable claim for relief. The complaint
28  states only that plaintiff was detained by two deputies of the Sacramento County Sheriff's

Department on July 19, 2014 and that he would now "like to be compensated for my personal injuries and pain and suffering." Complaint, ECF No. 1 at 3. Although plaintiff appears to believe that the deputies used excessive force against him, he does not identify any specific claims for relief in the complaint, nor does he say anything that could inform the court or any defendant what happened to him, who did it, and why that action violated one or more of his rights under the Constitution. Under the basic rules of pleading a civil rights claim in federal court, discussed below, the allegations fail to state a cognizable claim. To proceed, plaintiff must file an amended complaint.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The Ninth Circuit has laid out the factors for assessing a pre-trial detainee's allegation of excessive force as follows:

> The Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment. *Graham v. Connor,* 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Although the Supreme Court has not expressly decided whether the Fourth Amendment's prohibition on unreasonable searches and seizures continues to protect individuals during pretrial detention, *id.,* we have determined that the Fourth Amendment sets the "applicable constitutional limitations" for considering claims of excessive force during pretrial detention. *Pierce v. Multnomah*

> *County,* 76 F.3d 1032, 1043 (9th Cir.1996), *cert. denied,* 519 U.S. 1006, 117 S.Ct. 506, 136 L.Ed.2d 397 (1996). *Graham* therefore explicates the standards applicable to a pretrial detention excessive force claim in this circuit.
>
> In *Graham,* the Supreme Court explained that determining whether a defendant officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." 490 U.S. at 396, 109 S.Ct. 1865 (internal quotations omitted). This analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.; see also Tennessee v. Garner,* 471 U.S. 1, 8–9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (whether seizure is reasonable under the Fourth Amendment is judged by the "totality of the circumstances").
>
> Finally, the *Graham* Court admonished courts to examine the circumstances underlying a Fourth Amendment claim from the viewpoint of the reasonable officer on the scene, "rather than with the 20/20 vision of hindsight." 490 U.S. at 396, 109 S.Ct. 1865. For, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97, 109 S.Ct. 1865.

*Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1197-98 (9th Cir.2002).

Plaintiff will be granted leave to file an amended complaint that sets forth facts which meet this standard. Plaintiff must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

4

1  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
2  constitutional right if he does an act, participates in another's act or omits to perform an act he is
3  legally required to do that causes the alleged deprivation).   It must also contain a caption
4  including the names of all defendants.  Fed. R. Civ. P. 10(a).

5       Any amended complaint must be written or typed so that it so that it is complete in itself
6  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
7  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
8  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
9  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
10  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
11  1967)).

12       Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
13  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
14  *See* Local Rule 110.

15  **IV.  Summary of Order**
16       Accordingly, IT IS HEREBY ORDERED that:
17       1. Plaintiff's request to proceed in forma pauperis (ECF No. 9) is granted.
18       2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
19  accordance with the notice to the California Department of Corrections and Rehabilitation filed
20  concurrently herewith.
21       3. The complaint is dismissed with leave to amend within 30 days.  The amended
22  complaint must bear the docket number assigned to this case and be titled "First Amended
23  Complaint."  Failure to comply with this order will result in this action being dismissed for failure
24  to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will
25  proceed with service of process by the United States Marshal.
26  DATED: May 12, 2016.

              EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE